UNIVERSAL LIFE INS. CO. *v.* LILLARD.

(*Nashville,* December Term, 1949.)

Opinion filed March 17, 1950.

Z. ALEXANDER LOOBY, of Nashville, and AVON N. WIL-
LIAMS, JR., of Knoxville, for plaintiff in error.

ROBERT E. LILLARD, of Nashville, for defendant in
error.

MR. JUSTICE TOMLINSON delivered the opinion of the
Court.

In consideration of a weekly premium of twenty-five
(25c) cents Universal Life Insurance Company issued
its industrial policy insuring the life of Ada B. Lillard
in the face amount of $230.00. Virginia Lillard is named
beneficiary. The insured died May 20, 1948 after the
issuance of the policy on February 17, 1947.

Because of the provision of Section 8 of the policy
the insurance company insisted that its liability is limited

to one-fourth of the face of the policy and tendered that amount in Court when the beneficiary sued for the face amount.

At the conclusion of all the evidence the Circuit Judge directed a verdict in favor of the beneficiary and rendered judgment for the face amount of the policy. The Court of Appeals affirmed that judgment. The Insurance Company's petition for *certiorari* was granted and oral argument had.

The first paragraph of the policy is that the Company "will pay to the beneficiary the face amount of insurance". The second paragraph provides that "however if death occur within six months from the date the policy is issued the amount payable shall be limited to 25% of the face amount" and to 50% thereof if death occur after six months but before one year from the date of issuance. Immediately following is this paragraph consisting of one line:—*"The provisions and conditions stated on this and the following pages make the entire contract"*. (Emphasis supplied.)

On the reverse side of this first page of the policy appears Section 8 printed in larger type than the type of the first three above mentioned paragraphs of the policy. Insofar as is pertinent here, the first paragraph of Section 8 reads:—"8. Limitation Of Insurance". Then follows in the same paragraph certain limitations which need not be mentioned. The second paragraph of Section 8 is as follows:

"The Company's liability will be limited to one-fourth (¼) of the sum otherwise payable in the event of the death of the Insured within the contestable period of this Policy, due directly or indirectly to paralysis, cerebral hemorrhage, tuberculosis, or other pulmonary dis-

ease or chronic bronchitis, asthma, cancer or any disease of the heart, liver, or kidneys or from homicide.''

The insured died more than one year after the date of issuance of the policy but ''within the contestable period of this policy''. The ''direct cause of death'' was uremia, a kidney disease, and bilateral broncho pneumonia, a pulmonary disease. It, therefore, follows that under the second paragraph of Section 8 above quoted the Company is liable for only one-fourth of the face amount of the policy if this second paragraph of Section 8 is an enforceable provision of the contract.

The Court of Appeals affirmed the judgment of the Circuit Court on three grounds, to wit:—(1) The second paragraph of Section 8 is inconsistent with and repugnant to paragraphs 1 and 2 hereinbefore mentioned of the first section, and (2) a provision limiting liability is construed strongly against the insurer, and (3) an ambiguous policy is construed strongly against the insurer.

Undoubtedly the law is as stated in grounds 2 and 3 of the opinion of the Court of Appeals. However, the clauses in controversy in this policy do not seem to be ambiguous, and the language used permits only one construction. So the question boils down to whether or not the two provisions mentioned are inconsistent and repugnant.

In the case of *Williams* v. *Interstate Life & Accident Insurance Company*, 163 Tenn. 262, 43 S. W. 2d 215, the policy under consideration, after specifying the following diseases ''paralysis, cerebral hemorrhage, tuberculosis, or other pulmonary disease or chronic bronchitis, asthma, cancer or any disease of the heart, liver, or kidneys'', provided as follows:

"And in the event of the death of the Insured within the first twelve (12) months from the date of the policy, due directly or indirectly to any of the above named causes or diseases, or from homicide, the liability of the Company will be limited to one-fourth (¼) of the sum otherwise payable."

In that case it was held that under the above quoted provision of the policy the Insurance Company was liable for only one-fourth of the face of the policy because the insured died within the period mentioned by twelve months from a specified disease, and the authoring it was said:

"We see no reason why parties cannot contract for a limited liability in the event the insured dies within twelve months from a specific disease, and the authorities seem to hold such contracts valid."

█ There is practically no difference between the exception sustained in the Williams case, supra, and the exception in the policy in the case at bar other than that in this policy the exceptions are limited to the contestable period of the policy rather than one year. This is an immaterial difference. The above mentioned exception in the Williams case, supra, likewise appeared in the 8th paragraph of the policy contract.

█ In the opinion of the Court of Appeals in the case now under consideration it is said:—"But this insuring clause makes no mention of the limitations in Section 8 of the policy". In our opinion the learned Court of Appeals is mistaken. The third paragraph of the first section, as heretofore noted, provides:—"*The provisions and conditions stated on this and the following pages make the entire contract*". This statement plainly calls the attention of the insured to the fact that there

are other provisions and conditions in the contract with reference to this insurance.

One of those other provisions is the exception stated in Section 8. As observed in the Williams case, supra:

" 'An insurer of life may, of course, make such exceptions from the risk assumed as it sees fit. It may provide that there shall be no liability on the part of the insurer if the insured die within a year from some cause or disease excepted from the general provision of the contract of insurance.' "

 The probability is that the learned Courts below inadvertently overlooked giving proper consideration to the one sentence third paragraph of the insuring section of this policy. At any rate, we are unable to distinguish the case at bar from *Williams* v. *Interstate Life & Accident Insurance Company, supra.* Under the authority of that case, we feel compelled to reverse the judgment of the Court of Appeals and of the Circuit Court and to remand the case for the entry of a judgment of one-fourth of the face of the policy.

While it is regrettable, there seems to be no escape from adjudging all costs of both Courts against the beneficiary, Virginia Lillard.

All concur.