KING STURGILL, JR., Complainant-Appellee, v. LIFE
INSURANCE COMPANY OF GEORGIA, Defendant-
Appellant. —465 S.W.2d 742.

Eastern Section. May 15, 1970.

Certiorari Denied by Supreme Court November 16, 1970.

John K. Gillenwater, Gore, Ladd & Gillenwater, Bristol, for defendant-appellant.

David S. Haynes, Curtin, Haynes, Winston, Caldwell & Johnson, Bristol, for complainant-appellee.

CARNEY, P.J. The defendant below, Life Insurance Company of Georgia, has appealed from a decree of the Chancery Court of Sullivan County adjudging certain provisions of a group accident and health policy issued by defendant Life Insurance Company of Georgia to be ambiguous and construing the same in favor of the complainant, King Sturgill, Jr. Sturgill, an employee of Orkin Exterminating Company, became totally disabled on February 9, 1968, as a result of injury sustained in the course of his employment. The group policy was issued to Orkin Exterminating Company and covered all regular employees of Orkin under age 65 who worked at least thirty hours per week.

The application for group insurance signed by the employer, Orkin Exterminating Company, recited as follows:

"OTHER COVERAGES—Specify and give details:

Salary Continuance Employees

*Benefit Formlula:* 60% of Basic Monthly Earnings. This benefit will include all benefits which the employee

is eligible to receive, including Workmen's Compensation and Primary Social Security.

*Maximum Benefits:* $2,500 monthly including Workmen's Compensation, Social Security and any other disability compensation the employee may receive from any source.

*Minimum Benefit:* $50 per month exclusive of any other benefit received from any source.

*Waiting period:* 90 days for accident & sickness.''

Sixty percent of the complainant Sturgill's basic monthly earnings at the time the disability commenced was $345.54 per month. Coverage under the policy began 90 days after the complainant Sturgill became totally disabled or May 9, 1968. The defendant company sent the complainant Sturgill a check for the full 60% of his wages for the month of June, 1968, in the amount of $345.54.

In July, 1968, the complainant Sturgill entered into a lump sum settlement for his claim for Workmen's Compensation Insurance with the employer, Orkin Exterminating Company, under the authority of T.C.A. Section 50-1023. In July, 1968, payment was made to Sturgill of $9,016.15 which represented the commuted value of 69% permanent partial disability to the body as a whole, or 276 weeks at $38.00 per week. The lump sum award was in addition to temporary total disability payments and medical payments.

In September or October, 1968, complainant Sturgill began receiving Social Security benefits at the rate of $154.00 per month. After June, 1968, the defendant com-

pany reduced its monthly checks to the minimum of $50.00 provided in the policy.

The company contended that under the provisions of Clause C of the policy monthly benefits were to be reduced by the amount of Workmen's Compensation Insurance to which the complainant would have been entitled each month had he received his Workmen's Compensation Insurance by the month instead of accepting the same in a lump sum settlement.

Sturgill filed suit for a construction of the policy. His Honor the Chancellor held that the policy was ambiguous. He construed the same in favor of the complainant and held adversely to the contention of the defendant insurance company.

The Chancellor held that the insurer was entitled to deduct from its monthly payment the Social Security payments received by or accruing to the complainant each month but was not entitled to deduct Workmen's Compensation benefits except for the month of July, 1968, when the complainant received his full lump sum settlement.

On July 24, 1969, a final decree was entered by the lower court awarding the complainant benefits due to the date of the hearing and also defendant was ordered to pay $191.54 per month for as long as the complainant's total disability, resulting from the injury of February 9, 1968, should continue or until the expiration of five years subsequent to March 31, 1968, the date that the policy issued by the defendant to Orkin Exterminating Company, Inc. was terminated.

So far as counsel have been able to ascertain this is a case of first impression in Tennessee on this question.

Pertinent provisions of the policy issued by defendant are as follows:

"BENEFIT PROVISION
MONTHLY INCOME BENEFITS
FOR EMPLOYEES

Clause A Injury or Illness

If an employee shall while insured suffer total disability because of accidental bodily injury or because of illness, other than pregnancy or complications thereof, the Company, subject to all provisions of this policy, will pay the Monthly Income Benefit at the rate for which such employee is insured, subject to Clause C below, commencing with the Day Benefits Begin. Monthly Income shall not be payable for more than the Maximum Benefit Period for any one period of disability."

* * * * * * * *

"Clause H. * * *

SCHEDULE OF INSURANCE

EMPLOYEE
CLASSIFICATION MONTHLY INCOME

All Employees *An amount equal to 60% of monthly wage or
 salary, such amount not to exceed $2,500.00.

*Such monthly wage or salary shall be based upon earnings for each full calendar year, stated in monthly terms. * * *"

"Clause C REDUCTION OF BENEFITS

If at any time the total monthly amount of (1) payments from the group policyholder, (2) payments from retirement plans, and (3) remuneration from employment other than with the group policyholder, being received by the employee, and (4) disability income payments promised for the same disability under all valid disability income coverage, exceeds 60% of the basic monthly earnings of the employee at the time disability commenced, then the Company shall be liable only for such part of the benefits under this Policy as, when combined with such payments and remuneration together equal 60% of such monthly earnings. It is specifically provided, however, that the monthly benefits under this Policy shall not be less than fifty dollars, nor shall any reduction of such benefits be made if such reduction would be less than ten dollars.

'Valid disability income coverage' as used herein shall include all disability income coverage provided by governmental agencies or by organizations subject to regulation by the insurance law or the insurance authorities of the United States of America or any of the states thereof, the District of Columbia, the government of Canada or any of the provinces thereof. In the case of disability income from Social Security, only the primary amount shall be considered as valid disability income coverage."

Our Tennessee appellate courts have said many times that an insurance contract is to be considered liberally in favor of the insured and strictly as against the company and where, by reason of ambiguity and language employed in the contract, there is doubt or uncertainty as to its meaning, and it is fairly susceptible of two interpretations, the one favorable to the insured will be adopted. Alsup v. Travelers Insurance Co., 196 Tenn. 346, 268 S.W.2d 90; American Employers Insurance Co. v. Knox-Tenn Equipment Co., 52 Tenn.App. 643, 377 S.W.2d 573; Pacific Mutual Life Insurance Co. v. Walt, 198 Tenn. 59, 277 S.W.2d 434.

For emphasis we requote the determinative sentence from Clause C, Reduction of Benefits, as follows:

"If at any time the *total monthly amount* of (1) payments from the group policyholder, (2) payments from retirement plans, and (3) remuneraion from employment other than with the group policyholder, being received by the employee, and (4) *disability income payments promised* for the same disability under all valid disability income coverage, exceeds 60% of the basic monthly earnings of the employee at the time disability commenced, then the Company shall be liable only for such part of the benefits under this Policy as, when combined with such payments and remuneration together equal 60% of such monthly earnings." (Italics ours.)

Both the employee-insured, King Sturgill, Jr., and the insurer, Life Insurance Company of Georgia, were chargeable with knowledge of T.C.A. Section 50-1023 which provided for the commutation to a lump sum payment of Workmen's Compensation Insurance claims. We copy from Volume 9 of T.C.A. as follows:

"50-1023. Periodical amounts — Commutation to lump sum payment with consent of court—Basis.— The amounts of compensation payable periodically hereunder may be commuted to one (1) or more lump sum payments. These may be commuted only with the consent of the circuit, chancery or criminal court. In making such commutation the lump sum payment shall, in the aggregate, amount to a sum equal to the value of all future instalments of compensation calculated on a six per cent (6%) basis. No settlement or compromise shall be made except on the terms herein provided.

Certified copies of the pleadings, orders, judgments and decrees, whereby any lump sum payment settlement has been approved by the court shall be forwarded to the division of workmen's compensation, of the department of labor of Tennessee by the employer within ten (10) days after the entry of any final judgment in any such proceeding. The superintendent of the workmen's compensation division, of the department of labor of Tennessee shall have thirty (30) days after the receipt of·any such certified copies of such proceedings within which to intervene in said lump sum settlement proceedings to secure a readjustment of the same in accordance with the requirements and provisons of this law, whether court shall have adjourned or not, sec. 50-1024, to the contrary, notwithstanding."

"50-1025. Lump payments final—Modification of periodical payments for more than six months. — All amounts paid by employer and received by the employee or his dependents, by lump sum payments, shall be final, but the amount of any award payable

periodically for more than six (6) months may be modified as follows:

(a) At any time by agreement of the parties and approved by the court.

(b) If the parties cannot agree, then at any time after six (6) months from the date of the award an application may be made to the courts by either party, on the ground of increase or decrease of incapacity due solely to the injury. In such cases the same procedure shall be followed as in sec. 50-1018 in case of disputed claim for compensation."

■ We hold the words "* * * total monthly amount of * * * (4) disability income promised * * *" are susceptible to the construction made by the Chancellor, namely that disability income payments received by Sturgill in a lump sum payment do not constitute "disability income promised" for months subsequent to the date of the lump sum payment.

■ The terms and provisions of a policy drafted by the insurance company must be construed strongly in favor of the insured. American Employers Ins. Co. v. Knox-Tenn Equipment Co., 52 Tenn.App. 643, 377 S.W. 2d 573.

■ A provision in a policy limiting or reducing coverage is to be construed strongly against the insurer. Universal Life Ins. Co. v. Lillard, 190 Tenn. 111, 228 S.W.2d 79.

If the draftsman of the policy wanted to pro rate lump sum payments of Workmen's Compensation Insurance received under T.C.A. Section 50-1023, he should have used clear and apt language to do so. The policy is

ambiguous and the Chancellor correctly construed it in favor of the insured.

The assignments of error are respectfully overruled. A decree will be entered affirming the decree of the Chancellor below and taxing the costs against the appellant, Life Insurance Company of Georgia.

Parrott, J., concurs.

Matherne, J., dissents.

MATHERNE, J. (dissenting). I respectfully disagree with the Opinion of the majority in this cause. The majority Opinion rests upon a finding of ambiguity in the policy of insurance, which finding appears unwarranted.

From the entire policy, and particularly those parts thereof as quoted in the majority Opinion, the intention of the parties to the contract of insurance, as deduced from the terms thereof, was that if the complainant became totally disabled he was *insured* to receive a monthly income benefit in an amount equal to 60% of his monthly wages. In order to accomplish this at the premium charged all benefits collectible by the complainant under Social Security and Workmen's Compensation were to be added together and the difference between the sum of these and 60% of the complainant's monthly wage would be paid monthly by the defendant insurer, provided the minimum amount for which the insurer would be liable would be $50.00 per month regardless of the amount received from the other sources. For similar reasoning see: Williams v. Insurance Company of North America (1969) 150 Mont. 292, 434 P.2d 395.

The parties agreed on the basis above noted and the premium charged the complainant $7.29 every three

months) was based upon the risks assumed under this contract and agreement. To allow the complainant to settle his Workmen's Compensation claim in one lump sum amount and then not apply the amount collectible from Workmen's Compensation to any month except the one month in which the complainant received the lump sum award, would be to write a different contract for the parties. This insistence by the complainant would result in the Court ordering the defendant to assume greater risks than it clearly contracted to assume, and would result in the complainant receiving benefits not contemplated by the parties nor contracted for in the policy of insurance.

Contracts of insurance of this nature are desirable and of great value to the individuals covered, as well as serving the public interest, wherein the working man for what appears to be a reasonable premium can be insured to receive *monthly* 60% of his monthly wages in the event he is totally disabled. The entire plan had to be dependent upon the insurer receiving credit *monthly* for the benefits received by the worker from Social Security and Workmen's Compensation. The Court should not by a strained and technical construction disrupt what otherwise is a clear, beneficial and desirable agreement between the contracting parties.

For the foregoing reasons I respectfully dissent.