### CLEMENTS v. CONNECTICUT GENERAL LIFE INSURANCE CO.
No. 71-24724.

Circuit Court, Dade County.

December 18, 1973.

George C. Bender of High, Stack, Davis & Lazenby, Miami, for the plaintiff.

Barry R. Davidson, of McCarthy, Steel, Hector & Davis, Miami, for the defendant.

RAYMOND G. NATHAN, Circuit Judge.

*Memorandum opinion and final judgment:* This cause was tried before the court without a jury on November 1, 1973, at which time four issues were presented to the court pursuant to the complaint as amended on April 13, 1972, February 9, 1973, and at the outset of the trial. The issues framed by the complaint as amended and defendant's answer and affirmative defenses filed June 23, 1972 revolve around a long-term disability insurance policy issued by defendant to the plaintiff's former employer, Eastern Airlines. The policy in question is generally known as a group disability policy and plaintiff was insured pursuant to a certificate issued to her under the policy.

A joint stipulation of facts was presented to the court at the trial, along with certain exhibits, including the policy in question. These items reflect the following salient facts —

The plaintiff suffered an injury at her place of work on August 12, 1970. As a result of that injury, she was prevented from performing the duties of her occupation from that date up until February 12, 1973. (The question of disability subsequent to February 12, 1973 has been reserved by the parties to this suit.) Because of this disability, plaintiff became entitled to receive benefits under the aforementioned policy. The policy provides that long-term disability benefits will be 50% of basic monthly earnings reduced by other income benefits which are defined on page 6 of the policy as follows —

> "Any periodic cash payments provided on account of the employee's disability: . . . by the Federal Social Security Act . . . under or on account of any workmen's compensation or similar law which becomes payable on or after the commencement of the disability for which monthly income is payable."

It is further provided in the policy, however, that in no case shall the monthly benefits payable be reduced below the amount of $50.

As a result of the disability suffered by plaintiff, she began receiving social security benefits in the amount of $201 a month and, from August 1970 through June 1972 workmen's compensation benefits in the amount of $49 a week. In June of 1972, the workmen's compensation claim was settled as indicated by the industrial claims

court order presented herein as exhibit 2. The parties have stipulated that this settlement was a negotiated amount based upon the benefits which would have been due to the plaintiff had she not received them as a lump sum. The order of the industrial claims court provides that $8,750 of the total settlement represents future medical expenses, $11,625 represents attorneys' fees, and that $30,000 represents future payments for compensation.

Plaintiff's basic monthly earnings pursuant to the policy definition were $731. By calculating 50% of $731 and reducing the amount obtained, $365.50, by monthly social security benefits and weekly workmen's compensation benefits, defendant's liability under its policy was reduced to a sum less than the minimum benefits payable of $50 a month. Accordingly, from the point at which policy benefits became payable to plaintiff, up until October 1971, defendant paid plaintiff $50 a month.

Plaintiff first alleges that defendant's reduction of its policy benefits as set forth above violates Florida Statute §627.635. This statute provides as follows —

(1) No provision of this chapter shall be deemed to prohibit an insurer from issuing a policy as, or including in a policy a provision providing for, excess insurance; that is, to the effect that the insurer's liability for benefits payable on account of expenses incurred for any hospitalization, medical, surgical and other service resulting from covered sickness or injury of the insured, shall be limited to that part of such expense, if any, which is in excess of all benefits payable on account thereof by policies covering the same insured and by all other insurers and service organizations by whom benefits are payable as to the same such expense.

(2) Any such policy, or any policy containing any such provision, shall have imprinted or stamped conspicuously upon the face thereof the designation "excess insurance" or appropriate words of similar import approved by the department.

Plaintiff argues that defendant's policy provisions which allow it to reduce its benefits by amounts received by the insured from social security or workmen's compensation is a provision providing for excess insurance. Defendant's policy has no imprint or stamp on its face with the designation "excess insurance" in accordance with the statute. The plaintiff therefore urges that defendant may not reduce benefits payable under its policy as described.

The court finds for defendant on this point. It is clear that the clause in defendant's policy is not an excess insurance clause under the terms of Florida Statute §627.635, and that the statute does not apply to policies providing for payment of disability benefits. Additional authority for this conclusion is supplied by our sister

jurisdiction of Alabama in the case of State Farm Mutual Automobile Insurance Company v. General Mutual Insurance Company, 210 So.2d 688 (1968) at 693, wherein the Supreme Court of Alabama stated that an

> "excess insurance clause contemplates a provision providing that a company shall be liable only for the amount of a loss in excess of coverage provided by another company's policy."

Plaintiff's next contention also involves the reduction of benefits by defendant pursuant to the policy provisions discussed above. Plaintiff argues that, as the policy allows reduction on account of "periodic cash payments," that the lump sum workmen's compensation settlement reached in June of 1972 may not be used to reduce benefits payable by defendant. In support of her position, plaintiff has submitted to the court the case of Jewel Tea Company v. Florida Industrial Commission, 235 So.2d 289 (Fla. 1969). This case involves a unilateral reduction of workmen's compensation benefits by an employer in direct violation of Florida Statute §440.21, and is not relevant to the issues raised herein.

As a general principle, it is clear that the defendant is entitled to credit for payments made pursuant to the workmen's compensation law. See for example Dowell v. Aetna Life Insurance Company, 468 F.2d 802 (4th Cir. 1972) and United Benefit Life Insurance Company of Omaha v. Zwan, 143 S.W.2d 977 (Tex. App. 1940). The specific question here is whether the policy language of defendant prevents it from taking plaintiff's lump sum workmen's compensation settlement into account. Florida Statute §440.20(10) specifically provides that periodic workmen's compensation payments may be terminated by the payment of a lump sum equal to the present value of all future payments for both compensation and remedial treatment. As previously discussed, the workmen's compensation settlement herein provides that $30,000 represents the present value of all future payments for compensation.

It is clear that the insurance policy in question in this case was issued to insure plaintiff a monthly income benefit in an amount equal to 50% of her monthly wages if she became totally disabled. Coordination of benefits received on account of her disability from other sources, including social security and workmen's compensation, accomplishes this end. The dissent in the case of Sturgill v. Life Insurance Company of Georgia, 465 S.W.2d 742 (Tenn. App. 1970), is particularly pertinent to defendant's position herein. There, in discussing a somewhat similar factual situation, the court stated —

From the entire policy, and particularly those parts thereof as quoted in the majority opinion, the intention of the parties to the contract of insurance, as deducted from the terms thereof, was that if the complainant became totally disabled he was insured to receive a monthly income benefit in an amount equal to 60% of his monthly wages. In order to accomplish this at the premium charged all benefits collectible by the complainant under social security and workmen's compensation were to be added together and the difference between the sum of these and 60% of the complainant's monthly wage would be paid monthly by the defendant insurer, provided the minimum amount for which the insurer would be liable would be $50 per month regardless of the amount received from the other sources.

\* \* \*

To allow the complainant to settle his workmen's compensation claim in one lump sum amount and then not apply the amount collectible from workmen's compensation to any month except the one month in which the complainant received the lump sum award, would be to write a different contract for the parties. This insistence by the complainant would result in the court ordering the defendant to assume greater risks than it clearly contracted to assume, and would result in the complainant receiving benefits not contemplated by the parties nor contracted for in the policy of insurance.

Contracts of insurance of this nature are desirable and of great value to the individuals covered, as well as serving the public interest, wherein the working man for what appears to be a reasonable premium can be insured to receive monthly 60% of his monthly wages in the event he is totally disabled. The entire plan had to be dependant upon the insurer receiving credit monthly for the benefits received by the worker from social security and workmen's compensation. The court should not by a strained and technical construction disrupt what otherwise is a clear, beneficial and desirable agreement between the contracting parties. (Id. at 745-746.)

See also Williams v. Insurance Company of North America, 434 P.2d 395 (Montana 1967) and Land v. Continental Casualty Company, 170 N.W.2d 568 (Minn. 1969).

The lump sum settlement by plaintiff of her right to receive periodic workmen's compensation benefits merely changes the method by which she receives her workmen's compensation benefits. As stated in a workmen's compensation case from the state of Washington, Southern v. Department of Labor and Industry, 236 P.2d 548 (1951) at 550 —

". . . the so called lump sum settlement . . . is merely a different method of payment, the commutation of periodical payments into one or more lump sum payments."

The court finds that the mere change in form of periodic payments should not operate to deny defendant the right to coordinate its benefits payable to plaintiff with those amounts due pursuant to workmen's compensation law, and finds for defendant on this issue.

Two additional issues are raised by plaintiff. First, it was stipulated that defendant stopped making the $50 a month payments in October of 1971. Prior to trial, defendant tendered these payments to plaintiff. Plaintiff urges and the court finds that the termination was impermissible and that interest should be awarded on the payments. Second, defendant contends that Florida Statute §627.428 is not applicable to this case by reason of Florida Statute §627.401, and that plaintiff is not entitled to attorneys' fees. The court finds for plaintiff on this point and herewith directs plaintiff to obtain a hearing date for determination of attorneys' fees and interest.

Pending determination by the parties of plaintiff's physical condition as of February of 1973, this court retains jurisdiction of this cause. As regards all other issues raised herein by plaintiff and defendant, the above opinion will serve as final judgment.