**MIDLAND INSURANCE COMPANY and Wilco Truck Rental, Inc., Plaintiffs-Appellants,**

v.

**The HOME INDEMNITY COMPANY and Bi-Rite Foods, Inc., Defendants-Appellees.**

Court of Appeals of Tennessee, Western Section, at Nashville.

Feb. 24, 1981.

Rehearing Granted March 24, 1981.

Application for Permission to Appeal Denied by Supreme Court May 26, 1981.

W. Lee Corbett, Sally M. Ridenour, Ingraham, Corbett & Zinn, Nashville, for plaintiffs-appellants.

W. P. Ortale, Nashville, for defendants-appellees.

NEARN, Judge.

The main question for determination is which insurance company was responsible

for providing the defense in a tort action styled *Whitehurst v. Wilco and Bi-Rite*. The answer to that question will decide who must now pay the judgment amount awarded to the plaintiff in that case, and other costs.

Bi-Rite Foods, Inc., leased its trucks from Wilco Truck Rental, Inc. Under the lease agreement, Wilco agreed to maintain, repair and keep in sound operating condition the trucks leased to Bi-Rite. The lease further provided that Bi-Rite was to furnish liability insurance on the leased vehicles affording protection both to Wilco and Bi-Rite against claims "resulting from the operations of the vehicle leased" and in addition, Bi-Rite agreed to indemnify and hold Wilco harmless for claims "arising out of, or caused by the ownership, possession, maintenance, use or operation of any leased vehicles." (In compliance with its liability insurance obligation regarding Wilco, Bi-Rite added Wilco as an additional insured to an existing policy covering Bi-Rite, issued through Home Insurance Company.) The lease agreement further provided that the insurance afforded by Bi-Rite under the lease be considered the primary insurance, and any insurance purchased by Wilco would be considered secondary. Wilco had a comprehensive liability policy with "garage liability" features, issued through Midland.

Home Insurance Company is the real defendant in this indemnity suit. And Midland Insurance Company is the real plaintiff in the case.

Pursuant to the maintenance agreement, Wilco made repairs on the rear door of a leased truck. The truck was then returned to Bi-Rite. However, while the truck was being used by Bi-Rite to deliver goods, the door fell off its hinges onto a third party, Whitehurst, injuring him. Whitehurst sued Wilco and Bi-Rite. Wilco demanded that Bi-Rite's insurer, Home, defend the suit, but Home insisted that Midland, Wilco's insurer, defend. The case went to trial with Midland defending Wilco only, and Home defending Bi-Rite only. The jury returned a verdict only against Wilco for

$15,500.00, and found for the defendant Bi-Rite.

Midland paid the judgment in this third party personal injury matter, then filed this complaint for indemnification from Home for the amount of the judgment, expenses and a bad faith penalty. The Chancellor heard the matter on a stipulation of facts and denied the relief sought by Midland. Accordingly, Midland has appealed to this Court.

The defendant Home insisted below that no coverage was afforded the additionally named insured, Wilco, under its policy because of the following exclusion and definition contained in the policy:

Exclusion—"None of the following is insured:

"Any person while employed in, or otherwise engaged in duties in connection with any automobile business, other than an automobile business operated by the named insured."

Definition—"The term 'automobile business' is defined in the policy as:

"The business or occupation of selling, repairing, servicing, storing or parking automobiles;"

The Chancellor held that the exclusionary clause was "clear and stated in plain language (and) must be given effect." As an additional reason, he observed that since the negligence of Wilco in repairing the door was the proximate cause of the injury, as found by the jury in the tort action, there should be no recovery by Midland.

We agree that the exclusionary clause is "clear and stated in plain language (and) must be given effect." However, the meaning we attribute to it is clearly different than that given by the Chancellor. The clause does not exclude claims "arising out of" or "connected with" an automobile business. Neither does it exclude automobiles "used" in an automobile business.

The clause in question states simply that no coverage is afforded a person while he is employed in or engaged in duties in connection with the automobile business as later defined in the clause. In other words,

coverage is afforded at all other times except *while* the insured is employed or engaged in the automobile business. If one is in the automobile business, he is not excluded from coverage *per se*, but is excluded while engaging in that business. It should be noted that in the definition of the term "automobile business" the gerund or verbal noun form is used to denote a present or ongoing activity such as "selling", "repairing", etc. In short, the policy excludes coverage *while one is engaging* in those activities. Exclusionary clauses are not to be construed broadly in favor of the insuror. *Dressler v. State Farm*, (1963 E.S.) 52 Tenn. App. 514, 376 S.W.2d 700; *Universal Life v. Lillard*, (1950) 190 Tenn. 111, 228 S.W.2d 79. However, neither should they be construed so narrowly so as to defeat their evident purpose. In this case we do not believe we construe it narrowly or broadly but construe it fairly within its plain meaning. As applied to this case, the policy would not afford Wilco, as an additional insured, coverage while Wilco was engaging in repairing vehicles. This would be a normal and expected exclusion in this case when the insurer, Home, knew that Wilco was in the business of leasing and maintaining vehicles. It would normally be expected that Wilco would have its own garage liability policy to protect itself from liability in its shop due to negligent acts while actively engaged in repairing vehicles.

The injuries of the plaintiff in the third party tort action claims which formed the basis of this action, were not sustained in Wilco's shop while it was engaging in repairing or maintaining a vehicle. That action arose out of a completed faulty repair. The exclusionary clause excludes coverage to a party during *certain times*, while the parties are engaging in the listed acts, not after the fact, when the repair is completed.

Therefore, we are of the opinion that the Chancellor erred when he concluded the quoted clause excluded Wilco from coverage. Wilco was covered under the Home policy, and Home owed its additionally named insured, Wilco, the duty to defend and to pay the judgment rendered against it. Bi-Rite afforded Wilco the protection it agreed to afford in this instance, i.e., an insurance policy which covered Wilco in this instance.

Various additional issues raised by both parties in this case become moot as a result of the determination that Wilco was insured by Home.

The result in the judgment below is reversed and judgment will be entered in this Court in favor of the plaintiffs for the $15,500.00 paid to the third party plaintiffs in the tort case, plus costs in that cause of $83.50 and the stipulated amount of $2,952.58 which was expended by Midland as attorney fees in defending that case, plus all costs below and in this Court in this case. Since the Trial Court and this Court have differed on the application of the exclusionary clause, no bad faith penalty will be allowed.

Done at Nashville in the two hundred and fifth year of our Independence and in the one hundred and eighty-sixth year of our Statehood.

MATHERNE, Judge, concurs.

ORDER ON PETITION TO REHEAR

A Petition to Rehear has been filed by plaintiffs-appellants which petition seeks an award of pre-judgment interest on the judgment awarded by this Court.

Petitioner correctly calls to our attention that plaintiffs-appellants sought pre-judgment interest at the trial level as well as bad faith penalty. In our initial judgment we refused to award plaintiffs any bad faith penalty under T.C.A. § 56–1105, but, through oversight, we did fail to consider the matter of pre-judgment interest as set forth in T.C.A. § 47–14–123.

Upon consideration of the omitted matter we conclude that the Petition to Rehear is well taken on the point and we hereby award pre-judgment interest at the rate of 6% on the sum of $15,583.50 from January 23, 1979, to May 1, 1979 (period prior to effective date of T.C.A. § 47–14–123) and

thereafter at 10% to date of entry of this order. Said amount is the amount stipulated to have been paid on January 23, 1979, by plaintiffs-appellants in the case of *Whitehurst v. Wilco and Bi-Rite.* Pre-judgment interest is also awarded in the rate of 6% on the sum of $2,952.58 from April 19, 1979, to May 1, 1979 (period prior to effective date of T.C.A. § 47–14–123) and thereafter at 10% to date of entry of this order. Said additional amount is that stipulated to have been paid on April 19, 1979, by plaintiffs-appellants as attorney fees in the case of *Whitehurst v. Wilco and Bi-Rite.*

Our opinion and judgment in this case entered on February 24, 1981, is hereby amended to conform to this order.