Mary L. MEDLEY, Appellant–Plaintiff.

v.

Francis F. FREY, Administrator of the Estate of Roland J. Schoonover and National General Insurance Co., Appellees–Defendants,

v.

AMERICAN ECONOMY INSURANCE COMPANY, Appellee–Intervenor.

No. 64A05–9506–CV–229.

Court of Appeals of Indiana.

Feb. 5, 1996.

Transfer Denied June 20, 1996.

Roger A. Weitgenant, Blachly, Tabor, Bozik & Hartman, Valparaiso, for Appellant.

David P. Jones, Newby, Lewis, Kaminski & Jones, LaPorte, James E. Brammer, Spangler Jennings & Doughtery, Valparaiso, for Appellees.

## OPINION

BARTEAU, Judge.

Mary Medley brought this declaratory judgment action against Francis Frey, Administrator of the Estate of Ronald J. Schoonover, National General Insurance Company (National General), and American Economy Insurance Company claiming she was entitled to recover damages for personal injury and loss of consortium under an automobile liability policy issued by National General. The trial court granted National General's motion for summary judgment on Mary's claim for loss of consortium only, and Medley now brings this interlocutory appeal pursuant to Ind. Appellate Rule 4(B).

### ISSUE

We restate the sole issue presented on appeal as whether Medley's loss of consortium claim is subject to the per person limit of liability in the tortfeasor's automobile liability policy.

### FACTS

Mary Medley and her husband Charles were passengers in a vehicle driven by their son, Michael. The Medleys were struck head-on by Schoonover, who was traveling south in the northbound lane. Charles suffered permanent, disabling injuries as a re-

sult of the collision and now resides in a nursing home. Mary, who suffers from Parkinson's disease and was cared for by her husband, suffered temporary and permanent physical injuries and the loss of her husband's consortium because Charles is no longer able to care for her.

Schoonover is insured by National General under an automobile liability policy. The coverage limits under the policy are $100,000 per person, and $300,000 per accident. National General paid the per person limit, $100,000, to Charles for the injuries he received in the accident. National General denied Mary's claim for loss of consortium on the grounds that it arises from Charles's bodily injury, for which it paid the limit of coverage.

## DISCUSSION

In summary judgment proceedings, the party moving for summary judgment must show that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. Once the movant establishes that no genuine issue of fact exists, the party opposing summary judgment must set forth specific facts indicating that there is a genuine issue in dispute. If the non-moving party fails to meet this burden, summary judgment in favor of the moving party is appropriate. *Pierce v. Bank One–Franklin, NA,* 618 N.E.2d 16, 18 (Ind.Ct.App.1993), *trans. denied.* Further, the party moving for summary judgment must designate to the trial court all parts of the matters included in the record on which it relies for the motion. The opposing party must likewise designate to the trial court "each material issue of fact which that party asserts precludes entry of summary judgment and the evidence relevant thereto." Ind.Trial Rule 56(C). Any doubt as to the existence of a factual issue should be resolved against the moving party, construing all properly asserted facts and reasonable inferences in favor of the non-movant. *Cowe v. Forum Group, Inc.,* 575 N.E.2d 630, 633 (Ind.1991).

■ Summary judgment based upon construction of an insurance contract is a determination, as a matter of law, that the contract is not so ambiguous that resort must be made to extrinsic evidence in order to ascertain the contract's meaning. *Sharp v. Indiana Union Mut. Ins. Co.,* 526 N.E.2d 237, 239 (Ind.Ct.App.1988), *reh'g denied, trans. denied.* The provisions of an insurance contract are subject to the same rules of construction as are other contracts, and the construction of a written contract is a question of law for which summary judgment is particularly appropriate. *Id.*

■ Mary argues that her claim for loss of consortium is a separate and distinct injury from the injury sustained by Charles, and that her claim is not subject to the $100,000 per person limit paid to Charles. Instead, Mary contends that she is entitled to recover under the $300,000 per accident limit under the National General policy. National General counters by arguing that the loss of consortium claim arises from Charles's bodily injury and is subject to the per person limit of coverage under the terms of the automobile liability policy. National General concludes that it is not required to pay Mary's claim because it has already paid to Charles the $100,000 limit of per person coverage.

National General cites one case in support of its position, *Montgomery v. Farmer's Ins. Group,* 585 F.Supp. 618, 619 (S.D.Ind.1984), in which Judge Dillon held that a deprived-spouse's loss of consortium claim is subject to the same per person limit of liability applicable to the injured-spouse's claim.

Generally speaking, the National General automobile liability policy provides coverage for "bodily injury" sustained by persons as a result of its insured's negligence. The policy defines "bodily injury" as "bodily harm, sickness or disease, including death that results." R. 17. Loss of consortium (i.e. loss of services) is not a "bodily injury" as defined in the policy.

The limitation of liability provision in National General's automobile liability policy states:

> The limit of liability shown in the Declarations for each person for Bodily Injury Liability is our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out

of "bodily injury" sustained by any one person in any one accident.

R. 19. Under the terms of National General's insurance policy, Mary's claim for loss of services is not an independent "bodily injury," but rather arises out of the "bodily injury" sustained by Charles, for which National General has paid the $100,000 per person limit of coverage. Mary is not entitled to recover for her loss of consortium beyond the policy limits paid to Charles.

A number of jurisdictions that have considered similar circumstances under the same or similar policy language have determined that a claim for loss of consortium is not included within the policy definition of "bodily injury" and is subject to the per person limits paid to the injured-spouse.[1] *See Weekley v. State Farm Mutual Auto. Ins. Co.*, 537 So.2d 477 (Ala.1989); *Stillman v. American Family Ins.*, 162 Ariz. 594, 785 P.2d 114 (Ct.App.1990); *Hauser v. State Farm Mut. Auto. Ins. Co.*, 205 Cal.App.3d 843, 252 Cal. Rptr. 569 (1988); *Izzo v. Colonial Penn Ins. Co.*, 203 Conn. 305, 524 A.2d 641 (1987); *Creamer v. State Farm Mut. Auto. Ins. Co.*, 161 Ill.App.3d 223, 112 Ill.Dec. 748, 514 N.E.2d 214 (1987); *Lepic v. Iowa Mut. Ins. Co.*, 402 N.W.2d 758 (Iowa 1987); *Gillchrest v. Brown*, 532 A.2d 692 (Me.1987); *Santos v. Lumbermens Mut. Cas. Co.*, 408 Mass. 70, 556 N.E.2d 983 (1990); *Bain v. Gleason*, 223 Mont. 442, 726 P.2d 1153 (1986); *Allstate Ins. Co. v. Pogorilich*, 605 A.2d 1318 (R.I. 1992); *Richie v. American Family Mut. Ins. Co.*, 140 Wis.2d 51, 409 N.W.2d 146 (Ct.App. 1987), *review denied; Federal Kemper Ins. Co. v. Karlet*, 428 S.E.2d 60 (W.Va.1993); *but see, Allstate Ins. Co. v. Fibus*, 855 F.2d 660 (9th Cir.1988); *Abellon v. Hartford*, 167 Cal. App.3d 21, 212 Cal.Rptr. 852 (1985); *Bilodeau v. Lumbermen's Mut. Cas. Co.*, 392 Mass. 537, 467 N.E.2d 137 (1984).

The per person limit of coverage under the insurance policy is $100,000 for all damages, including loss of services, arising out of "bodily injury" sustained by any one person in an

auto accident. R. 19. Mary's loss of consortium arises out of the "bodily injury" Charles sustained in the accident, and is in excess of the $100,000 per person coverage limit that National General paid to Charles.

AFFIRMED.

SHARPNACK, C.J., and SULLIVAN, J., concur.

---

1. Where the automobile liability policy includes loss of consortium or loss of services in the definition of "bodily injury," courts have logically concluded that the deprived-spouse's loss of consortium claim is a distinct "bodily injury" and is not subject to the per person liability limit applicable to the injured-spouse, but is a separate "bodily injury" within the meaning of the policy. *See Giardino v. Fierke*, 160 Ill.App.3d 648, 112 Ill.Dec. 559, 513 N.E.2d 1168 (1987); *Allstate Ins. Co. v. Handegard*, 70 Or.App. 262, 688 P.2d 1387 (1984), *review denied.*