ATTORNEY FOR APPELLANT
Mark D. Gerth
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
David W. Craig
Scott A. Faultless
Indianapolis, Indiana

# In the
# Indiana Supreme Court



FILED

Feb 28 2008, 2:31 pm

CLERK
of the supreme court,
court of appeals and
tax court

No. 89S05-0802-CV-102

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

*Appellant (Defendant below)*,

v.

D.L.B., A MINOR CHILD BY HIS PARENT
AND NATURAL GUARDIAN, DEANA H. BRAKE,

*Appellee (Plaintiff below)*.

Appeal from the Wayne Superior Court, No. 89D01-0109-CT-025
The Honorable P. Thomas Snow, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 89A05-0512-CV-747

**February 28, 2008**

**Sullivan, Justice.**

In July 2000, while riding bicycles with his four-year-old cousin, D.L.B., six-year-old Seth Baker was struck and killed by a vehicle driven by Herbert Wallace. D.L.B. was not himself physically injured but suffered from Post-Traumatic Stress Disorder as a result of witnessing his cousin's fatal injuries.

Wallace was insured by State Farm Mutual Automobile Insurance Company. The State

Farm policy included bodily injury coverage in the amount of $100,000 for "each person" and $300,000 for "each accident." (Appellant's App. at 26.) State Farm paid $100,000 to Seth's parents to settle claims against Wallace arising out of their son's death. However, State Farm denied a claim brought by D.L.B.'s mother, Deana Brake, on his behalf.

This litigation ensued. The trial court and Court of Appeals both ruled in favor of D.L.B. State Farm Mut. Auto. Ins. Co. v. D.L.B. ex rel Brake, 862 N.E.2d 678 (Ind. Ct. App. 2007). In so holding, the Court of Appeals relied in part on its own decision in State Farm Mut. Auto. Ins. Co. v. Jakupko, 856 N.E.2d 778, 782 (Ind. Ct. App. 2006). Judge Darden dissented. D.L.B., 862 N.E.2d at 684.

We granted transfer in Jakupko and decide that case today by separate opinion. State Farm Mut. Auto. Ins. Co. v. Jakupko, --- N.E.2d ---, No. 29S02-0704-CV-140, slip op. (Ind. Feb. 28, 2008). We grant transfer here today, because like Jakupko, this case requires us to decide whether "bodily injury" as defined in the policy at issue in this case[1] includes the emotional distress D.L.B. suffered.

In Jakupko, we hold that "bodily injury," as defined in the policy at issue in that case, includes emotional distress. Jakupko, slip op. at 6 (citing Wayne Twp. Bd. of Sch. Comm'rs v. Indiana Ins. Co., 650 N.E.2d 1205, 1210 (Ind. Ct. App. 1995), trans. denied). However, we note in Jakupko that the term "bodily injury" does not include emotional damage unless it arises from

---

[1] The insurance policy provisions at issue in this case are the definition of "bodily injury" and the condition of the limits of liability. They read as follows:

> Bodily injury – means bodily injury to a person and sickness, disease or death which results from it.

(App. at 29.)

> The amount of . . . coverage is shown on the declarations page under "Limits of Liability – Coverage A – Bodily Injury, Each person, Each Accident". Under "Each Person" is the amount of coverage [$100,000] for all damages due to bodily injury to one person. "Bodily injury to one person" includes all injury and damages to others resulting from this bodily injury. Under "Each Accident" is the total amount of coverage [$300,000], subject to the amount shown under "Each Person", for all damages due to bodily injury to two or more persons in the same accident.

(App. at 32 (emphasis in original).)

a bodily touching. (Wayne Township found that the "bodily touching . . . inherent to child molestation and the resulting emotional injury suffered by the victim of child molestation is bodily injury.") Jakupko, slip op. at 8 (quoting Wayne Township and citing Armstrong v. Federated Mut. Ins. Co., 785 N.E.2d 284 (Ind. Ct. App. 2003)). The Armstrong case is particularly on point as it held that the parents of a child killed in an automobile accident could not recover under the uninsured motorist coverage of their insurance policy because they had not "suffered a physical impact in the accident that took [their daughter's] life." Armstrong, 785 N.E.2d at 293.

D.L.B. argues that although he did not suffer a direct impact, his emotional distress was accompanied by physical manifestations. As Judge Darden observes in his dissent, however, these physical manifestations were not the result of an impact, force, or harm to D.L.B.'s body and so do not fall with the ambit of Wayne Township; rather, this case is controlled by Armstrong.

Because D.L.B. did not suffer "bodily injury" within the meaning of the policy, he was not entitled to collect damages under Wallace's State Farm policy.

The judgment of the trial court is reversed.

Shepard, C.J., and Boehm, J., concur. Dickson, J., dissents with a separate opinion in which Rucker, J., concurs.

**Dickson, Justice, dissenting.**

In contrast to <u>State Farm Mut. Auto. Ins. Co. v. Jakupko</u>, --- N.E.2d ---, No. 29S02-0704-CV-140 (Ind. Feb. 28, 2008), where persons insured asserted first-party claims for coverage under their own automobile insurance policy's underinsured motor vehicle coverage, the present action is one for declaratory judgment claiming that an insurance policy's liability coverage extends to a third-party's liability claim against the insured.

In both cases, however, the insurance policy definition of "bodily injury" ("bodily injury to a *person* and sickness, disease or death which results from it"), Appellant's App'x at 29 (emphasis in original), is identical. The emotional injuries sustained by the insured plaintiffs in both cases therefore equally fall within the shared definition that expressly includes "sickness" or "disease" resulting from bodily injury to a person. Whether a separate physical impact was sustained is irrelevant to our construction of the policy's own definition of "bodily injury." On this issue, D.L.B. should be treated the same as the plaintiffs in <u>Jakupko</u>, and the trial court's denial of State Farm's motion for summary judgment should be affirmed.

I observe, however, that the applicable insuring agreement in the State Farm policy at issue provides liability coverage only for "damages which an *insured* becomes legally liable to pay because of … *bodily injury* to others . . . . " Appellant's App'x at 31 (emphasis in original). Under Indiana law, a person may recover on a claim for negligent infliction of emotional distress only if the person sustains physical impact. <u>Shuamber v. Henderson</u>, 579 N.E.2d 452, 454 (Ind. 1991). Here, unlike the plaintiffs in <u>Jakupko</u>, D.L.B. did not personally sustain a physical impact, thus indicating that the alleged tortfeasor, State Farm's insured, would not be "legally liable to pay" for D.L.B.'s emotional injury claim. If so, on these grounds, State Farm's liability coverage would appear not to extend to D.L.B.'s emotional injury claims. But the insuring agreement language and this reasoning were not presented in State Farm's trial court motion for summary judgment or supporting memorandum, nor in its Appellant's Brief in this appeal. Because I prefer not to affirm the summary judgment for State Farm on an issue not raised and on which D.L.B. has not had an opportunity to respond, I would reverse the trial court's grant of summary judgment for State Farm.

Rucker, J., concurs.