ATTORNEY FOR APPELLANTS
Michael L. Hanley
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Richard P. Samek
Larry L. Barnard
Fort Wayne, Indiana

ATTORNEYS FOR AMICI CURIAE
INSURANCE INSTITUTE OF INDIANA,
INC., NATIONAL ASSOCIATION OF
MUTUAL INSURANCE COMPANIES,
AND PROPERTY CASUALTY
INSURERS ASSOCIATION OF
AMERICA
Robert B. Clemens
George T. Patton, Jr.
Bryan H. Babb
Indianapolis, Indiana

---

# In the
# Indiana Supreme Court



FILED
Feb 28 2008, 2:30 pm
CLERK
of the supreme court,
court of appeals and
tax court

No. 49S02-0704-CV-143

AUSTIN J. ELLIOTT, B/N/F WILLIAM K.
ELLIOTT, AND AMBER ELLIOTT B/N/F
WILLIAM K. ELLIOTT,

                                    *Appellants (Plaintiffs below),*

v.

ALLSTATE INSURANCE COMPANY,

                                    *Appellee (Defendant below).*

---

Appeal from the Marion Circuit Court, No. 49C01-0207-CT-1790
The Honorable Theodore M. Sosin, Judge

---

On Petition to Transfer from the Indiana Court of Appeals, No. 49A02-0604-CV-363

---

**February 28, 2008**

**Sullivan, Justice.**

In July 2000, Amanda Elliott was in an automobile accident caused by Andrea Carmona; Carmona was driving an uninsured auto. Amanda and Amber Elliott (Amanda's 15-year-old sister) and Austin Elliott (Amanda's three-year-old son), who were passengers in Amanda's car, each sustained bodily injuries. Amanda's injuries were exceptionally severe and nearly fatal. Amber and Austin each suffered emotional distress from witnessing Amanda's injuries.

Amanda had automobile insurance with Allstate that included uninsured motorist coverage in the amount of $25,000 for "each person" and $50,000 for "each accident." (App. at 71.) Allstate settled Amanda's personal injury claim for the "each person" limit of $25,000. When Amber and Austin also sought to recover under the uninsured motorist provisions for their emotional distress, Allstate took the position that it had satisfied its obligations under the policy when it had paid the limits for Amanda's injuries. In Allstate's view, because Amber's and Austin's claims for emotional distress were caused by Amanda's injuries, they were included in the "each person" limit of liability for Amanda's bodily injury claim.

This litigation ensued. The trial court agreed with Allstate's position but the Court of Appeals reversed. It was of the view that Amber's and Austin's claims for emotional distress were independent of Amanda's and as such entitled to their own respective limits of liability. Elliott v. Allstate Ins. Co., 859 N.E.2d 696 (Ind. Ct. App. 2007). In so holding, the Court of Appeals relied in part on its own decision in State Farm Mutual Automobile Insurance Co. v. Jakupko, 856 N.E.2d 778, 782 (Ind. Ct. App. 2006). Allstate sought, and we granted, transfer. Elliott v. Allstate Ins. Co., 869 N.E.2d 454 (Ind. 2007) (table).[1]

The policy language at issue here is slightly different than that in Jakupko.[2] However,

---

[1] We also granted transfer in Jakupko, 869 N.E.2d 454 (Ind. 2007) (table), and decide it today in a separate opinion. State Farm Mut. Ins. Co. v. Jakupko, -- N.E.2d --, No. 29S02-0704-CV-140, slip op. (Ind. Feb. 28, 2008).

[2] Allstate agreed to "pay damages which an insured person is legally entitled to recover from the owner or operator of an uninsured auto because of . . . bodily injury sustained by an insured person." (App. at 29.)
    The "Limits Of Liability" provision of the policy provides:
        Limits of Liability.
        The coverage limit shown on the Policy Declarations for:

both cases present us with precisely the same issues to decide:

(1) whether "bodily injury" as defined in the policy at issue in this case includes the emotional distress Amber and Austin suffered; and, if so,

(2) whether the fact that the policy provides that the coverage limit for bodily injury suffered by Amanda "includ[es] damages sustained by anyone else as a result of that bodily injury" (App. at 25) precludes Amber and Austin from having their own independent limits on liability.

Our decision today in Jakupko resolves these issues. State Farm Mut. Auto. Ins. Co. v. Jakupko, --- N.E.2d ---, No. 29S02-0704-CV-140, slip op. (Ind. Feb. 28, 2008). In it we hold that "bodily injury" as defined in the policy at issue in that case includes emotional distress. Jakupko, slip op. at 6 (citing Wayne Twp. Bd. of Sch. Comm'rs v. Indiana Ins. Co., 650 N.E.2d 1205, 1210 (Ind. Ct. App. 1995), trans. denied). For the same reasons, we reach the same result here.

In Jakupko, we also find that the policy at issue in that case contravenes the requirement of the Indiana uninsured and underinsured motorist insurance statute that automobile insurance policies provide "coverage . . . for . . . persons insured under the policy who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles." Ind. Code § 27-7-5-2(a)(1) (2004). The policy does so by effectively reducing the amount of damages the insureds suffering emotional distress are entitled to collect by the amount of damages that the insured who suffered catastrophic physical injuries collects. Jakupko, slip op. at 11-13. We find the same defect with the "include[s] damages sustained by anyone else as a result of that bodily injury" (App. at 25) clause in the policy at issue in this case. This provision effectively

---

1. "each person" [$25,000] is the maximum that we will pay for damages arising out of bodily injury to one person in any one motor vehicle accident, including damages sustained by anyone else as a result of that bodily injury.
2. "each accident" [$50,000] is the maximum we will pay for damages arising out of all bodily injury in any one motor vehicle accident. This limit is subject to the limit for "each person."

(App. at 31.)

"Bodily injury" is defined by the policy to "mean[ ] physical harm to the body, sickness, disease, or death," with some exceptions not relevant here. (App. at 19.)

reduces the damages Amber and Austin are "legally entitled to recover from the owner or operator of an uninsured auto" (App. at 29) because of their emotional distress by the amount of damages that Amanda recovered. Because a clause in derogation of the Indiana uninsured motorist statute is unenforceable, Jakupko, slip op. at 11 (citing Patton v. Safeco Ins. Co., 148 Ind. App. 548, 267 N.E.2d 859, 862 (1971)), Amber and Austin are entitled to a separate per person limitation of $25,000, subject, however, to the per accident limitation of $50,000.

The judgment of the trial court is reversed.

Dickson, Boehm, and Rucker, JJ., concur. Shepard, C.J., concurs in result.