On Petition to Transfer from the Indiana Court of Appeals, No. 89A05-0512-CV-747
SULLIVAN, Justice.
In July 2000, while riding bicycles with his four-year-old cousin, D.L.B., six-year-old Seth Baker was struck and killed by a vehicle driven by Herbert Wallace. D.L.B. was not himself physically injured but suffered from PosL-Traumatic Stress Disorder as a result of witnessing his cousin’s fatal injuries.
Wallace was insured by State Farm Mutual Automobile Insurance Company. The State Farm policy included bodily injury coverage in the amount of $100,000 for “each person” and $800,000 for “each accident.” (Appellant’s App. at 26.) State Farm paid $100,000 to Seth’s parents to settle claims against Wallace arising out of *666 their son’s death. However, State Farm denied a claim brought by D.L.B.’s mother, Deana Brake, on his behalf.
This litigation ensued. The trial court and Court of Appeals both ruled in favor of D.L.B. State Farm Mut. Auto. Ins. Co. v. D.L.B. ex rel. Brake, 862 N.E.2d 678 (Ind.Ct.App.2007). In so holding, the Court of Appeals relied in part on its own decision in State Farm Mut. Auto. Ins. Co. v. Jakupko, 856 N.E.2d 778, 782 (Ind.Ct.App.2006). Judge Darden dissented. D.L.B., 862 N.E.2d at 684.
We granted transfer in Jakupko and decide that case today by separate opinion. State Farm Mut. Auto. Ins. Co. v. Jakupko, 881 N.E.2d 654 (Ind. 2008). We grant transfer here today, because like Jakupko, this case requires us to decide whether “bodily injury” as defined in the policy at issue in this case[1] includes the emotional distress D.L.B. suffered.
In Jakupko, we hold that “bodily injury,” as defined in the policy at issue in that case, includes emotional distress. Jakupko, 881 N.E.2d at 658 (citing Wayne Twp. Bd. of Sch. Comm’rs v. Indiana Ins. Co., 650 N.E.2d 1205, 1210 (Ind.Ct.App.1995), trans. denied). However, we note in Ja-kupko that the term “bodily injury” does not include emotional damage unless it arises from a bodily touching. (Wayne Township found that the “bodily touching ... inherent to child molestation and the resulting emotional injury suffered by the victim of child molestation is bodily injury.”) Jakupko, 881 N.E.2d at 659 (quoting Wayne Township and citing Armstrong v. Federated Mut. Ins. Co., 785 N.E.2d 284 (Ind.Ct.App.2003)). The Armstrong case is particularly on point as it held that the parents of a child killed in an automobile accident could not recover under the uninsured motorist coverage of their insurance policy because they had not “suffered a physical impact in the accident that took [their daughter’s] life.” Armstrong, 785 N.E.2d at 293.
D.L.B. argues that although he did not suffer a direct impact, his emotional distress was accompanied by physical manifestations. As Judge Darden observes in his dissent, however, these physical manifestations were not the result of an impact, force, or harm to D.L.B.’s body and so do not fall within the ambit of Wayne Township; rather, this case is controlled by Armstrong.
Because D.L.B. did not suffer “bodily injury” within the meaning of the policy, he was not entitled to collect damages under Wallace’s State Farm policy.
The judgment of the trial court is reversed.
SHEPARD, C.J., and BOEHM, J., concur.
DICKSON, J., dissents with a separate opinion in which RUCKER, J., concurs.

. The insurance policy provisions at issue in this case are the definition of "bodily injury” and the condition of the limits of liability. They read as follows:
Bodily injury — means bodily injury to a person and sickness, disease or death which results from it.
(App. at 29.)
The amount of ... coverage is shown on the declarations page under "Limits of Liability — Coverage A — Bodily Injury, Each person, Each Accident”. Under "Each Person” is the amount of coverage [$100,000] for all damages due to bodily injury to one person. “Bodily injury to one person ” includes all injury and damages to others resulting from this bodily injwy. Under "Each Accident” is the total amount of coverage [$300,000], subject to the amount shown under "Each Person”, for all damages due to bodily injury to two or more persons in the same accident.
(App. at 32 (emphasis in original).)