*667 DICKSON, Justice,
dissenting.
In contrast to State Farm Mut. Auto. Ins. Co. v. Jakupko, 881 N.E.2d 654 (Ind.2008), where persons insured asserted first-party claims for coverage under their own automobile insurance policy’s underin-sured motor vehicle coverage, the present action is one for declaratory judgment claiming that an insurance policy’s liability coverage extends to a third-party’s liability claim against the insured.
In both cases, however, the insurance policy definition of “bodily injury” (“bodily injury to a person and sickness, disease or death which results from it”), Appellant’s App’x at 29 (emphasis in original), is identical. The emotional injuries sustained by the insured plaintiffs in both cases therefore equally fall within the shared definition that expressly includes “sickness” or “disease” resulting from bodily injury to a person. Whether a separate physical impact was sustained is irrelevant to our construction of the policy’s own definition of “bodily injury.” On this issue, D.L.B. should be treated the same as the plaintiffs in Jakupko, and the trial court’s denial of State Farm’s motion for summary judgment should be affirmed.
I observe, however, that the applicable insuring agreement in the State Farm policy at issue provides liability coverage only for “damages which an insured becomes legally liable to pay because of ... bodily injury to others.... ” Appellant’s App’x at 31 (emphasis in original). Under Indiana law, a person may recover on a claim for negligent infliction of emotional distress only if the person sustains physical impact. Shuamber v. Henderson, 579 N.E.2d 452, 454 (Ind.1991). Here, unlike the plaintiffs in Jakupko, D.L.B. did not personally sustain a physical impact, thus indicating that the alleged tortfeasor, State Farm’s insured, would not be “legally liable to pay” for D.L.B.’s emotional injury claim. If so, on these grounds, State Farm’s liability coverage would appear not to extend to D.L.B.’s emotional injury claims. But the insuring agreement language and this reasoning were not presented in State Farm’s trial court motion for summary judgment or supporting memorandum, nor in its Appellant’s Brief in this appeal. Because I prefer not to affirm the summary judgment for State Farm on an issue not raised and on which D.L.B. has not had an opportunity to respond, I would reverse the trial court’s grant of summary judgment for State Farm.
RUCKER, J., concurs.