## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 31 2016, 10:15 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Matthew R. Lemme
New Albany, Indiana

ATTORNEYS FOR APPELLEE

Alan L. McLaughlin
Brian L. Mosby
Mark J. Plantan
Littler Mendelson, P.C.
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jennifer Ansari,

*Appellant-Plaintiff,*

v.

Sirius Satellite Radio (Sirius XM),

*Appellee-Defendant.*

May 31, 2016

Court of Appeals Case No.
29A05-1509-PL-1435

Appeal from the Hamilton
Superior Court

The Honorable Steven R. Nation,
Judge

Trial Court Cause No.
29D01-1306-PL-5259

**Riley, Judge.**

## STATEMENT OF THE CASE

Appellant-Plaintiff, Jennifer Ansari (Ansari), appeals the trial court's summary judgment in favor of Appellee-Defendant, Sirius XM Radio, Inc. (Sirius XM), concluding that Sirius XM is not liable to Ansari under *respondeat superior* for certain communications sent to her by Sirius XM's employee.

We affirm.

## ISSUE

Ansari raises one issue on appeal, which we restate as: Whether the trial court erred by concluding that there is no genuine issue of material fact that Sirius XM's employee acted outside the scope of his employment when he sent Ansari certain messages.

## FACTS AND PROCEDURAL HISTORY

Aaron Snow (Snow) began working as a Sourcing Manager for Sirius XM, effective June 5, 2006. In his position, Snow worked with manufacturers and suppliers; he did not interact with Sirius XM subscribers. During his work hours, Snow sent numerous hostile communications by text and email to Ansari from his personal cellphone. Ansari and Snow have a minor child together and, at the time of the communications, were engaged in an ongoing custody litigation.

On June 10, 2013, Ansari filed a Complaint against Sirius XM, seeking to hold Sirius XM liable for Snow's ongoing harassment based on a theory of *respondeat*

*superior*. On July 29, 2013, Ansari filed an "Amended Complaint for Employer Liability." (Appellee's App. p. 13). On December 23, 2014, Sirius XM filed its motion for summary judgment, to which Ansari responded on March 5, 2015. After a hearing on April 8, 2015, the trial court granted Sirius XM's motion on June 1, 2015, concluding in pertinent part that:

> [Ansari] concedes that [Sirius XM] is not in the business of "transmitting harassing communications for profit." The designated evidence shows the employee's acts at issue were his own initiative, and he had no intention to perform a service for the employer while engaged in his acts. Further, the designated evidence shows that communications fall outside the scope of Snow's employment because they did not advance [Sirius XM's] business interest or relate to employee's job duties. Unlike *Doe* [*v. Lafayette Sch. Corp.*, 846 N.E.2d 691 (Ind. Ct. App. 2006)], the designated evidence shows that [Sirius XM] did not even own the phone that was used for the phone calls and/or texts.

(Appellant's App. p. 10). Ansari filed a motion to correct error on June 30, 2015, which was denied by the trial court on August 14, 2015.

[6] Ansari now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

### I. *Standard of Review*

[7] Summary judgment is appropriate only when there are no genuine issues of material fact and the moving party is entitled to a judgment as a matter of law. Ind. Trial Rule 56(C). "A fact is material if its resolution would affect the

outcome of the case, and an issue is genuine if a trier of fact is required to resolve the parties' differing accounts of the truth . . . , or if the undisputed facts support conflicting reasonable inferences." *Williams v. Tharp*, 914 N.E.2d 756, 761 (Ind. 2009).

[8] In reviewing a trial court's ruling on summary judgment, this court stands in the shoes of the trial court, applying the same standards in deciding whether to affirm or reverse summary judgment. *First Farmers Bank & Trust Co. v. Whorley*, 891 N.E.2d 604, 607 (Ind. Ct. App. 2008), *trans. denied*. Thus, on appeal, we must determine whether there is a genuine issue of material fact and whether the trial court has correctly applied the law. *Id*. at 607-08. In doing so, we consider all of the designated evidence in the light most favorable to the non-moving party. *Id*. at 608. The party appealing the grant of summary judgment has the burden of persuading this court that the trial court's ruling was improper. *Id*. When the defendant is the moving party, the defendant must show that the undisputed facts negate at least one element of the plaintiff's cause of action or that the defendant has a factually unchallenged affirmative defense that bars the plaintiff's claim. *Id*. Accordingly, the grant of summary judgment must be reversed if the record discloses an incorrect application of the law to the facts. *Id*.

[9] We observe that in the present case, the trial court entered findings of fact and conclusions of law in support of its judgment. Special findings are not required in summary judgment proceedings and are not binding on appeal. *AutoXchange.com. Inc. v. Dreyer and Reinbold, Inc.*, 816 N.E.2d 40, 48 (Ind. Ct.

App. 2004). However, such findings offer this court valuable insight into the trial court's rationale and facilitate appellate review. *Id*.

## II. *Analysis*

[10] Ansari contends that the trial court erred in granting summary judgment to Sirius XM after concluding that Snow's communications fell outside the scope of employment. She asserts that "Sirius XM had been notified of its employee's actions of repeatedly harassing [Ansari] by telephone and no action" was taken to make Snow stop. (Appellant's Br. p. 2). Ansari maintains that the inaction of Sirius XM, with actual knowledge of Snow's conduct, "raises a question of fact for a jury of whether the inaction . . . constitutes authorization under *respondeat superior* liability[.]" (Appellant's App. p. 3).

[11] Under the doctrine of *respondeat superior*, an employer, who is not liable because of his own acts, can be held liable "for the wrongful acts of his employee which are committed within the scope of employment." *Southport Little League v. Vaughan*, 734 N.E.2d 261, 268 (Ind. Ct. App. 2000), *trans. denied*. An employee is acting within the scope of his employment when he is acting, at least in part, to further the interests of his employer. *City of Fort Wayne v. Moore*, 706 N.E.2d 604, 607 (Ind. Ct. App. 1999), *trans. denied*. When an employee acts partially in self-interest but is still "partially serving his employer's interests," liability will attach. *Id*. However, simply because an act could not have occurred without access to the employer's facilities does not bring it within the scope of employment. *Id*.

[12] Additionally, while our courts have established that an employer can be vicariously liable for the criminal acts of an employee, the determination depends upon whether the employee's actions were at least for a time authorized by the employer. *Doe v. Lafayette School Corp.*, 846 N.E.2d 691, 702 (Ind. Ct. App. 2006) *abrogated on other grounds by State Farm Mut. Auto Ins. Co. v. Jakupko*, 881 N.E.2d 654 (Ind. 2008). If it is determined that none of the employee's acts were authorized, there is no *respondeat superior* liability. *Id.* Furthermore, acts for which the employer is not responsible are those done "on the employee's own initiative, [] with no intention to perform it as part of or incident to the service for which he is employed." *Id.* (quoting *City of Fort Wayne*, 706 N.E.2d at 607).

[13] In *Doe,* the plaintiff's teacher obtained student email addresses to communicate with them regarding school matters. *Doe*, 846 N.E.2d at 695. Although the teacher used his personal email address to communicate with the plaintiff about personal matters, he still sent the emails by way of a laptop provided by the school. *Id.* Some of these emails were sent during school hours. *Id.* After a while, the interaction between the teacher and the plaintiff took on a romantic tone and the email exchanges became sexually charged. *Id.* A concern was raised by the school that the teacher was "being too friendly" with students, and the teacher promised to be more careful about his contact with students. *Id.* The school did not investigate further, even though the plaintiff's name was specifically raised. *Id.* Two months later, the email exchanges led to two sexual encounters at the teacher's residence. *Id.* The plaintiff sued both the

teacher and the school, arguing the school was responsible under a theory of *respondeat superior* because the teacher's use of school equipment and some of his activity having occurred during school hours. *Id*. We rejected the argument, concluding that "simply because the teacher used the school's equipment and facilities to initiate a relationship with the plaintiff, his acts did not necessarily fall within his scope of employment. *Id*. at 702. We held that the teacher "on his own initiative and unrelated to any school function instigated an intimate relationship with Doe" and "his actions were not incident to any service provided by [the school], but rather were fueled entirely by self-interest in a romantic relationship with" the plaintiff. *Id*.

[14] We reach the same conclusion under the facts before us. The designated evidence reflects that Sirius XM employed Snow to control costs related to the sourcing of components used in Sirius XM's business. Snow negotiated contracts and visited supplier sites. He communicated with Sirius XM employees and suppliers but did not interact with Sirius XM subscribers. During work hours, Snow sent messages from his personal cellphone[1] to Ansari which contained insults and taunting references to the ongoing custody battle between him and Ansari. These communications were not incident to any service provided to Sirius XM and were not pertinent or subordinate to

---

[1] The record includes references that Snow might have used his personal cellphone to not only conduct personal communications, but also to make some business calls. However, in line with *Doe*, we find the combined nature of calls made from Snow's personal device not decisive of the issue before us. *See Doe*, 846 N.E.2d at 702.

controlling costs and monitoring relationships with Sirius XM suppliers. Rather, Snow engaged in personal communication for a personal purpose. Although Ansari formulates the generalized allegation that she "notified Sirius [XM] of the employee conduct, . . . and Sirius XM allowed it to continue," she fails to provide us with actual evidence to establish that Sirius XM was aware of the "hundreds of harassing communications from [Snow's] workplace." (Appellant's Br. pp. 5, 6).

[15] Accordingly, as there is no connection between Snow's conduct and his employment, the continued harassment falls outside the scope of his employment and did not further Sirius XM's business. *See Stropes v. Heritage House Children's Center of Shelbyville, Inc.*, 547 N.E.2d 244, 247 (Ind. 1989) ("[A]n employee's wrongful act may still fall within the scope of his employment if his purpose was, to an appreciable extent, to further his employer's business, even if the act was predominantly motivated by an intention to benefit the employee himself."). Rather, as Snow, on his own initiative and unrelated to any business function, sent harassing communications to Ansari, his actions were fueled entirely by his own self-interest and no *respondeat superior* is established. We affirm the trial court's summary judgment.

## CONCLUSION

[16] Based on the foregoing, we conclude that there is no genuine issue of material fact that Sirius XM's employee acted outside the scope of his employment when

he sent Ansari certain messages and therefore *respondeat superior* is not applicable.

[17] Affirmed.

[18] Kirsch, J. and Pyle, J. concur