IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
September 15, 2020 Session

**ALVIN LEWIS v. STATE FARM**

**Appeal from the Circuit Court for Tipton County**
**No. 6601      Joe H. Walker, III, Judge**

_____

**No. W2019-01493-COA-R3-CV**

_____

Appellant was injured in an automobile accident, and a jury found that an unknown motorist was 100% at fault and awarded damages in favor of Appellant. Thereafter, the trial court denied Appellant prejudgment interest on its finding that Appellant's uninsured automobile insurance policy with Appellee State Farm Mutual Automobile Insurance Company precludes an award of prejudgment interest. We conclude that the policy language "all damages" is sufficiently broad to include prejudgment interest. However, because the award of prejudgment interest is an equitable consideration within the discretion of the trial court, we decline to address Appellant's issue concerning whether prejudgment interest is necessary and equitable in this case. This question is remanded to the trial court. Vacated and remanded.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Vacated and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and CARMA DENNIS MCGEE, J., joined.

Glenn Keith Vines, Jr., Memphis, Tennessee, for the appellant, Alvin Lewis.

Melanie M. Stewart, Memphis, Tennessee, for the appellee, State Farm Mutual Automobile Insurance Company.

# OPINION

## I. Background

On July 19, 2008, Appellant Alvin Lewis was seriously injured in a car accident involving Appellant and an unknown driver. A witness to the accident, George Parker, corroborated that an unknown motorist caused the accident and left the scene. The vehicle Appellant was driving was owned by his brother and was insured by Nationwide Insurance, with uninsured motorist coverage limits of $50,000.00. Appellant was also personally insured by Appellee State Farm Mutual Automobile Insurance Company ("State Farm"), with uninsured motorist coverage of $500,000.00 per accident.

On July 17, 2009, Appellant filed suit against unknown motorist John Doe and served Nationwide and State Farm pursuant to Tennessee Code Annotated section 56-7-1206.[1] Appellant agreed to settle with Nationwide for the policy limits of $50,000.00. On July 1, 2011, State Farm filed an offer of judgment, wherein it offered Appellant $25,000.00 plus costs. The parties entered mediation, where State Farm withdrew its initial offer and offered $5,000.00.

Appellant's case was tried to a jury on March 6 and 7, 2019. The jury found that the unknown motorist was 100% at fault for Appellant's accident and entered judgment in favor of Appellant for $275,000.00. The trial court entered judgment on the jury verdict on March 7, 2019.

---

[1] The statute provides, in relevant part:

a) Any insured intending to rely on the [uninsured motorist] coverage required by this part shall, if any action is instituted against the owner and operator of an uninsured motor vehicle, serve a copy of the process upon the insurance company issuing the policy in the manner prescribed by law, as though the insurance company were a party defendant. The company shall thereafter have the right to file pleadings and take other action allowable by law in the name of the owner and operator of the uninsured motor vehicle or in its own name; provided, that nothing in this subsection (a) shall prevent the owner or operator from employing counsel of the owner's own choice; and provided, further, that the evidence of service upon the insurance carrier shall not be made a part of the record.

b) If the owner or operator of any motor vehicle that causes bodily injury or property damage to a person insured under this part is unknown and if the insured satisfies all of the requirements of § 56-7-1201(e), should suit be instituted, the insured shall issue a John Doe warrant against the unknown owner or operator in order to come within the coverage of the owner's uninsured motorist policy. If the uninsured motorist's identity and whereabouts are discovered during the pendency of the proceeding, subsection (e) shall govern the proper course of action following the discovery.

As discussed in further detail below, on April 8, 2019, Appellant filed a post-trial motion for prejudgment interest. In addition to the State Farm insurance policy, Appellant relied on Tennessee Code Annotated section 47-14-123 in support of his claim for prejudgment interest. By order of July 26, 2019, the trial court denied Appellant's motion, and he appeals.

## II. Issues

Appellant raises two issues for review as stated in his brief:

1. Whether State Farm's automobile insurance contract with Appellant pertaining to underinsured motorist coverage excludes prejudgment interest?
2. Whether an award of prejudgment interest is equitable under the facts and circumstances of this case and if so, the amount that should be awarded?

## III. Standard of Review

The foremost principle that guides the court to award or deny prejudgment interest is the principle of equity. *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 927 (Tenn. 1998) *superseded by statute in part as recognized in Lindenberg v. Jackson Nat. Life Ins. Co.*, 912 F.3d 348 (6th Cir. 2018). In arriving at an equitable decision, a court must keep in mind that the purpose of awarding prejudgment interest is to fully compensate a plaintiff for the loss of the use of funds to which the plaintiff was legally entitled. *Myint*, 970 S.W.2d at 927. As such, "[a]n award of prejudgment interest is within the sound discretion of the trial court and the decision will not be disturbed by an appellate court unless the record reveals a manifest and palpable abuse of discretion." *Id.* (citing *Spencer v. A–1 Crane Service, Inc.*, 880 S.W.2d 938, 944 (Tenn. 1994); *Otis v. Cambridge Mut. Fire Ins. Co.*, 850 S.W.2d 439, 446 (Tenn. 1992)). An abuse of discretion occurs when the trial court causes an injustice by applying an incorrect legal standard, reaches an illogical result, resolves the case on a clearly erroneous assessment of the evidence, or relies on reasoning that causes an injustice. *Wright ex rel. Wright v. Wright*, 337 S.W.3d 166, 176 (Tenn. 2011); *Henderson v. SAIA, Inc.*, 318 S.W.3d 328, 335 (Tenn. 2010).

The instant appeal involves an award of damages under Appellant's State Farm uninsured motorist policy. To the extent our review requires an interpretation of that policy, the Tennessee Supreme Court has explained:

This Court has previously recognized that "[a]n insurance policy is a contract of adhesion drafted by the insurer." *Alcazar* [*v. Hayes*], 982 S.W.2d [845,] 851 [(Tenn. 1998)] (citing *Bill Brown Const. v. Glens Falls*

*Ins.*, 818 S.W.2d 1, 12 (Tenn.1991)). As such, insurance contracts do not contain terms which are the result of mutual negotiation and concession but instead contain terms fixed by the insurer and to which the insured must adhere if the insured desires insurance coverage. *Alcazar*, 982 S.W.2d at 851-52 (citing *Brandt v. Mutual Ben. Health & Acc. Ass'n*, 30 Tenn. App. 14, 202 S.W.2d 827 (1947)). Given these realities, we construe provisions in an insurance policy against the insurer and in favor of the insured so as to provide coverage. *Id.* Like any other contract, however, this Court has a duty to enforce insurance contracts "according to their plain terms. Further, the language used must be taken and understood in its plain, ordinary and popular sense. The courts, of course, are precluded from creating a new contract for the parties." *Alcazar*, 982 S.W.2d at 848-49 (quoting *Bob Pearsall Motors, Inc. v. Regal Chrysler-Plymouth, Inc*., 521 S.W.2d 578, 580 (Tenn.1975)).

*Griffin v. Shelter Mut. Ins. Co.*, 18 S.W.3d 195, 199-200 (Tenn. 2000).

## IV. Analysis

We begin our analysis with a review of the relevant portions of Appellant's State Farm policy. Concerning uninsured motorist coverage, the policy provides, "The limit shown under 'Each Person' is the most we will pay for all damages resulting from bodily injury to any one insured in any one accident . . . ." Although the subject policy contains an "Exclusions" provision, "prejudgment interest" is not listed as a specific exclusion. Rather, the exclusions provision provides:

Exclusions:

There is no coverage:

1. For an insured who, without our person or organization who may be liable for the bodily injury or property damage;
2. For property damage caused when your car or a newly acquired car is struck by a motor vehicle owned by you or any resident relative which is not insured for liability coverage;
3. For an insured who sustains bodily injury while occupying a motor vehicle owned by that insured if it is not your car or a newly acquired car.
4. For an insured whose bodily injury results from the discharge of a firearm;
5. To the extent it benefits:
   a) Any workers' compensation or disability benefits insurance company;

b) A self-insurer under any workers' compensation law, disability benefits law, or similar law; or

c) Any government or any of its political subdivisions or agencies;

d) Any property insurer;

6. For any insured who sustains bodily injury as a pedestrian if other collectible uninsured motor vehicle coverage has limits greater than the limits of uninsured motor vehicle coverage of this policy;

7. For punitive or exemplary damages;

8. For any order of restitution issued by a court in a criminal proceeding or equitable action; or

9. For the first $200 of property damage resulting from any one accident.

In its order denying Appellant's motion for prejudgment interest, the trial court held, in part, that, "The State Farm policy of Uninsured Motor Vehicle Coverage does not provide for the payment of prejudgment interest . . . ." In so holding, the trial court appears to focus on the fact that the subject policy does not specifically mention prejudgment interest. However, as set out above, the policy does not specifically exclude prejudgment interest. Exclusionary clauses are not to be construed broadly in favor of the insurer, nor are they to be construed so narrowly as to defeat their purpose. ***Midland Ins. Co. v. Home Indemnity Co.***, 619 S.W.2d 387, 389 (Tenn. Ct. App. 1981). Because the policy at issue here contains a list of specific exclusions that does not include prejudgment interest, we must presume that the policy exclusions are restricted to the enumerated items. ***City of Knoxville v. Brown***, 260 S.W.2d 264, 268 (Tenn. 1953). Accordingly, the omission of prejudgment interest from the list of specific exclusions precludes us from expanding the list of exclusions to include prejudgment interest.

Furthermore, the fact that the policy does not specifically state that State Farm will pay prejudgment interest is not fatal to the award of same. Although, in its order, the trial court states that the policy "does not provide for the payment of 'all damages,'" this finding is incorrect. As set out above, in the policy limit section, the policy states that, "The limit shown under 'Each Person' is the most we will pay for **all damages** resulting from bodily injury to any one insured in any one accident . . . ." (Emphasis added). Therefore, by its plain language, the policy provides for the payment of "all damages." The question, then, is whether the term "all damages" is sufficiently broad to include prejudgment interest. For this answer, we begin with Tennessee Code Annotated section 47-14-123, which provides:

Prejudgment interest, i.e., **interest as an element of, or in the nature of, damages**, as permitted by the statutory and common laws of the state as of April 1, 1979, may be awarded by courts or juries in accordance with the

principles of equity at any rate not in excess of a maximum effective rate of ten percent (10%) per annum; provided, that with respect to contracts subject to § 47-14-103, the maximum effective rates of prejudgment interest so awarded shall be the same as set by that section for the particular category of transaction involved. In addition, contracts may expressly provide for the imposition of the same or a different rate of interest to be paid after breach or default within the limits set by § 47-14-103.

(Emphasis added). In *Malone v. Maddox*, No. E2002-01403-COA-R3-CV, 2003 WL 465668, *5 (Tenn. Ct. App. Feb. 25, 2003), this Court explained:

Contrary to the policyholder's assertion, there is no ambiguity in the policy pertaining to the issue of prejudgment interest. The UM coverage extends to "***all*** damages." (Emphasis added). As we have previously noted, prejudgment interest, by the language of the applicable statute, is "an element of, or in the nature of, damages." Tenn. Code Ann. § 47-14-123. In the instant case, the UM carrier contracted to pay "all damages." Prejudgment interest is an element of damages. Therefore, prejudgment interest is covered by the language of the policy pertaining to that which can be recovered under the UM coverage.

We reject the policyholder's argument that the language "all damages" does not include prejudgment interest. We also reject the policyholder's argument that the reference to prejudgment interest in the damages section of the liability feature of the policy in some way means that prejudgment interest is not a part of "all damages" under the UM coverage. Under the liability feature of the policy, prejudgment interest is a part of the covered damages because the policy says it is. Under the UM coverage, it is a part of the covered damages because "all damages" means just that, all damages, and, by statute, prejudgment interest is an element of the injured party's damages.

Relying on the *Malone* case, in *Thurman v. Harkins*, No. W2004-01023-COA-R3-CV, 2005 WL 1215959, *5 (Tenn. Ct. App. May 23, 2005), we likewise held:

As this Court previously noted, pre-judgment interest is "an element of, or in the nature of, damages." Tenn. Code Ann. § 47-14-123 (2001); *Malone*, 2003 Tenn. App. LEXIS 147, at *16, 2003 WL 465668. Because the policy on its face limits the amount Great River is required to pay for "all damages" in the event the uninsured/underinsured motorist coverage is triggered and pre-judgment interest is an element of damages, pre-judgment interest is encompassed by the limiting language of the policy. *See Malone*, 2003 Tenn. App. LEXIS 147, at *16, 2003 WL 465668.

Under the foregoing authority, we conclude that the trial court erred in holding that the subject policy precludes an award of prejudgment interest. However, our conclusion that "all damages," as used in the policy, includes prejudgment interest does not, *ipso facto*, mean that Appellant is entitled to that interest.

As discussed by the Tennessee Supreme Court in ***Myint***,

Several principles guide trial courts in exercising their discretion to award or deny prejudgment interest. Foremost are the principles of equity. Tenn. Code Ann. § 47-14-123. Simply stated, the court must decide whether the award of prejudgment interest is fair, given the particular circumstances of the case. In reaching an equitable decision, a court must keep in mind that the purpose of awarding the interest is to fully compensate a plaintiff for the loss of the use of funds to which he or she was legally entitled, not to penalize a defendant for wrongdoing. ***Mitchell v. Mitchell***, 876 S.W.2d 830, 832 [(Tenn. 1994)].

***Myint***, 970 S.W.2d at 927. The ***Myint*** Court went on to explain that, in exercising its discretion, the court is not necessarily limited by the question of whether the damages are certain, to-wit:

[W]e find that if the existence or amount of an obligation is certain, this fact will help support an award of prejudgment interest as a matter of equity. After all, the more clear the fact that the plaintiff is entitled to compensatory damages, the more clear the fact that the plaintiff is also entitled to prejudgment interest as part of the compensatory damages. The converse, however, is not necessarily true. The uncertainty of either the existence or amount of an obligation does not mandate a denial of prejudgment interest, and a trial court's grant of such interest is not automatically an abuse of discretion, provided the decision was otherwise equitable. The certainty of the plaintiff's claim is but one of many nondispositive facts to consider when deciding whether prejudgment interest is, as a matter of law, equitable under the circumstances.

***Id.*** at 928. Although uncertainty as to the amount of a plaintiff's claim is not fatal to an award of prejudgment interest, this Court has held that a trial court did not err when it "'capped' the amount of damages, including prejudgment interest, pursuant to the limit stated in the policy." ***Thurman***, 2005 WL 1215959 at *6. Within the policy limits, however, the trial court is vested with considerable discretion concerning whether an award of prejudgment interest is necessary to fully compensate a plaintiff. This inquiry, which is grounded in equity and rests on the specific facts of each case, falls squarely within the trial court's purview. As such, we decline to address Appellant's second issue

concerning whether an award of prejudgment interest is equitable under the facts and circumstances of this case and, if so, the amount that should be awarded. Rather, we remand this question to the trial court.

## V. Conclusion

For the foregoing reasons, we vacate the trial court's order holding that prejudgment interest is precluded under the subject policy. We remand the case to the trial court for consideration of whether prejudgment interest is necessary and equitable under the specific facts of this case and for such further proceedings as may be necessary and are consistent with the opinion. Costs of the appeal are assessed to the Appellee, State Farm Mutual Automobile Insurance Company, for all of which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE